PURVI G. PATEL (CA SBN 270702)
PPatel@mofo.com
EMMA Z. BURGOON (CA SBN 348097)
EBurgoon@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Defendant
ADIDAS AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MAEVE CAMPLISSON, DAVID SANCHEZ, and S.D., A MINOR, BY AND THROUGH THEIR LEGAL GUARDIAN ELVIS DICIERO, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ADIDAS AMERICA, INC.,

Defendant.

Case No. 25-cv-00603-GPC-KSC

**DEFENDANT ADIDAS AMERICA, INC.'S ANSWER TO PLAINTIFFS' CORRECTED CLASS ACTION COMPLAINT**

Judge: Hon. Gonzalo P. Curiel

Complaint Filed: March 19, 2025
Trial date: None

Defendant adidas America, Inc. answers the Corrected Class Action Complaint ("Complaint") filed by Plaintiffs Maeve Camplisson, David Sanchez, and S.D.

Any and all allegations not specifically admitted herein are denied. To the extent the Complaint asserts conclusions of law, those conclusions require no response. To the extent any response is required to headings or unnumbered paragraphs in the Complaint, adidas denies the factual allegations, if any, contained in such headings or unnumbered paragraphs.

With respect to the preamble, adidas admits that Plaintiffs purport to bring this action individually and on behalf of a putative class and to seek the relief requested in the Complaint. adidas denies that class treatment or the relief requested is appropriate or warranted. adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' information, beliefs, and personal knowledge and the investigation allegedly conducted by Plaintiffs' counsel, and on that basis, denies those allegations.

## I. INTRODUCTION

1. Responding to Paragraph 1 of the Complaint, adidas admits that it is a privately held, wholly owned subsidiary of adidas North America, Inc., which is a wholly owned subsidiary of adidas AG, a global sportwear company. adidas states that adidas AG reported approximately € 5.128 billion in revenue in North America in 2024. Except as otherwise stated or admitted, adidas denies the remaining allegations in Paragraph 1.

2. Responding to Paragraph 2 of the Complaint, adidas admits that it advertises and sells its products through its own website, https://www.adidas.com/us (the "adidas website") and that individuals visit the website to browse the products available on the site. adidas denies that it secretly collected those individuals' personal identifying information. On all webpages of its website, adidas provides a hyperlink to its Privacy Policy, which discloses that

adidas, "[l]ike many websites, [] use[s] cookies, tags, pixels, beacons and other tracking technologies" in order to "optimize the shopping experience." adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis, denies those allegations.

3. Responding to Paragraph 3 of the Complaint, adidas admits that it uses the TikTok Pixel and Microsoft's Universal Event Tracking, which uses the bat.bing cookie, (together, the "Cookies") to collect information used to select which advertisements are most likely to appeal to website visitors. adidas allows individuals to opt out of having their information used for targeted advertising by visiting the "Your Privacy Choices" link, which is hyperlinked at the bottom of the adidas website. adidas admits that, in some cases, it discloses certain information to its advertising partners, TikTok and Microsoft, who then use it to show website visitors ads that are more relevant to them. adidas denies that it "never disclosed the use of the [Cookies], or the transmission of the data, to its website users." On all webpages of its website, adidas provides a hyperlink to its Privacy Policy, which discloses that adidas, "[l]ike many websites, [] use[s] cookies, tags, pixels, beacons and other tracking technologies" in order to "optimize the shopping experience." adidas's Privacy Policy further discloses that adidas uses "third-party companies to measure and target ads on [its] behalf about products and services tailored to [the consumer's] interests." adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis, denies those allegations.

4. Responding to Paragraph 4 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from the contents of a statute or judicial decision, the statute and judicial decision speak for themselves and adidas denies any characterization of them that is inconsistent with their contents. adidas states that insofar as the allegations in Paragraph 4 state conclusions of law, no response is required. adidas otherwise denies the allegations in Paragraph 4 of the

Complaint.

5. adidas denies the allegations in Paragraph 5 of the Complaint.

6. Responding to Paragraph 6 of the Complaint, adidas admits that Plaintiffs purport to bring this action individually and on behalf of a putative class and to seek the relief requested in the Complaint. adidas denies that class treatment or the relief requested is appropriate or warranted. adidas otherwise denies the allegations in Paragraph 6.

## II. <u>JURISDICTION AND VENUE</u>

7. Responding to Paragraph 7 of the Complaint, adidas admits that Plaintiffs purport to bring this putative class action, but denies that class treatment is appropriate or warranted. To the extent that Plaintiffs purport to summarize, interpret, or quote from the contents of the statute cited, the statute speaks for itself and adidas denies any characterization of the statute that is inconsistent with its contents. adidas states that insofar as the allegations in Paragraph 7 state conclusions of law, no response is required.

8. Responding to Paragraph 8 of the Complaint, adidas admits that it has retail locations in the Southern District of California, has retail partners in the District, and has shipped products purchased on its website to customers in the District. adidas further admits that it uses its website to advertise and sell its products to all visitors to its website, including to residents in California and that the website identifies for shoppers the locations of its retail stores located in California. adidas states that insofar as the allegations in Paragraph 8 state conclusions of law, no response is required. Except as otherwise stated or admitted, adidas denies the remaining allegations in Paragraph 8.

9. Responding to Paragraph 9 of the Complaint, adidas denies that Plaintiffs have sustained any injury or harm. To the extent that Plaintiffs purport to summarize, interpret, or quote from the contents of the statute cited, the statute speaks for itself and adidas denies any characterization of the statute that is

inconsistent with its contents. adidas states that insofar as the allegations in Paragraph 9 state conclusions of law, no response is required.

## III. PARTIES

10. Responding to Paragraph 10 of the Complaint, adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis, denies those allegations.

11 Responding to Paragraph 11 of the Complaint, adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis, denies those allegations.

12. Responding to Paragraph 12 of the Complaint, adidas admits that Plaintiff S.D. purports to bring this action by and through Elvis Diciero. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and on that basis, denies those allegations.

13. Responding to Paragraph 13 of the Complaint, adidas denies that it is a Delaware corporation. adidas is incorporated in Oregon. adidas admits that it is headquartered in Portland, Oregon. adidas further admits that it is a privately held, wholly owned subsidiary of adidas North America, Inc., which is a wholly owned subsidiary of adidas AG, an athletic apparel and footwear company headquartered in Germany. adidas states that adidas AG reported approximately € 5.128 billion in revenue in North America in 2024. adidas further admits that it operates https://www.adidas.com/us.

## IV. FACTUAL ALLEGATIONS

14. Responding to Paragraph 14 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from the contents of the statute cited, the statute speaks for itself and adidas denies any characterization of the statute that is inconsistent with its contents.

15. Responding to Paragraph 15 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from the contents of the statute

cited, the statute speaks for itself and adidas denies any characterization of the statute that is inconsistent with its contents.

16. Responding to Paragraph 16 of the Complaint, adidas states that insofar as the allegations in Paragraph 16 state conclusions of law, no response is required. adidas admits that on information and belief law enforcement has used “pen registers” to record the numbers of outgoing calls from a particular telephone line, and used “trap and trace devices” to record the numbers of incoming calls to that particular telephone line.

17. Responding to Paragraph 17 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from judicial decisions, the judicial decisions speak for themselves and adidas denies any characterization of the judicial decisions that is inconsistent with their content.

18. Responding to Paragraph 18 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from a judicial decision, the judicial decision speaks for itself and adidas denies any characterization that is inconsistent with its content.

19. Responding to Paragraph 19 of the Complaint, adidas states that insofar as the allegations in Paragraph 19 state conclusions of law, no response is required. To the extent that Plaintiffs purport to summarize, interpret, or quote from judicial decisions, the judicial decisions speak for themselves and adidas denies any characterization that is inconsistent with their content. adidas otherwise denies the allegations in Paragraph 19.

20. Responding to Paragraph 20 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from a statute or judicial decision, the statute and judicial decision speak for themselves and adidas denies any characterization of the statute and judicial decision that is inconsistent with their content.

21. adidas admits the allegations in Paragraph 21 of the Complaint.

22. Responding to Paragraph 22 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from a website, the website speaks for itself and adidas denies any characterization of the website that is inconsistent with its content. adidas admits that it uses the Cookies to collect information used to select which advertisements are most likely to appeal to website visitors. On all webpages of its website, adidas provides a hyperlink to its Privacy Policy, which discloses that adidas, "[l]ike many websites, [] use[s] cookies, tags, pixels, beacons and other tracking technologies" in order to "optimize the shopping experience." adidas allows individuals to opt out of having their information used for targeted advertising by visiting the "Your Privacy Choices" link, which is hyperlinked at the bottom of the adidas website. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis, denies those allegations.

23. Responding to Paragraph 23 of the Complaint, adidas admits that a tracking pixel is a small image embedded in a website or an email that collects certain information. To the extent that Plaintiffs purport to summarize, interpret, or quote from an online article, the article speaks for itself and adidas denies any characterization of the article that is inconsistent with its content. adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 regarding what "tracked data often includes," and on that basis, denies those allegations.

24. Responding to Paragraph 24 of the Complaint, adidas admits that it uses the Cookies to collect information used to select which advertisements are most likely to appeal to website visitors. adidas allows individuals to opt out of having their information used for targeted advertising by visiting the "Your Privacy Choices" link, which is hyperlinked at the bottom of the adidas website. adidas admits that, in some cases, it discloses certain information to its advertising partners, TikTok and Microsoft, who then use it to show website visitors ads that

are more relevant to them. adidas denies that it did not inform website visitors of the use of the Cookies. On all webpages of its website, adidas provides a hyperlink to its Privacy Policy, which discloses that adidas, "[l]ike many websites, [] use[s] cookies, tags, pixels, beacons and other tracking technologies" in order to "optimize the shopping experience." To the extent that Plaintiffs purport to summarize, interpret, or quote from a website, the website speaks for itself and adidas denies any characterization of the website that is inconsistent with its content. Except as otherwise stated or admitted, adidas denies the remaining allegations in Paragraph 24.

25. Responding to Paragraph 25 of the Complaint, adidas admits that an IP address may have a state, city, and ZIP code associated with it. To the extent that Plaintiffs purport to summarize, interpret, or quote from a statute, the statute speaks for itself and adidas denies any characterization of the statute that is inconsistent with its content. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph in 25, and on that basis, denies those allegations.

26. Responding to Paragraph 26 of the Complaint, adidas admits that the Cookies operate on visitors' web browsers. adidas denies that it did not provide notice of the Cookies to website visitors. On all webpages of its website, adidas provides a hyperlink to its Privacy Policy, which discloses that adidas, "[l]ike many websites, [] use[s] cookies, tags, pixels, beacons and other tracking technologies" in order to "optimize the shopping experience." adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph in 26, and on that basis, denies those allegations.

27. Responding to Paragraph 27 of the Complaint, adidas admits that it uses the Cookies to collect information used to select which advertisements are most likely to appeal to website visitors. Except as otherwise stated or admitted, adidas denies the remaining allegations in Paragraph 27.

28. adidas denies the allegations in Paragraph 28 of the Complaint.

29. Responding to Paragraph 29 of the Complaint, adidas admits that it is aware that TikTok is a video-hosting platform owned by ByteDance Ltd., which on information and belief is based in Beijing. adidas admits that it uses TikTok's TikTok Pixel. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and on that basis, denies those allegations.

30. Responding to Paragraph 30 of the Complaint, adidas admits that it uses the TikTok Pixel to collect information on specific events like add-to-cart actions and clicks, as well as information about visitors' devices and browsers to help determine which advertisements are most likely to appeal to website visitors. adidas admits that it is aware that the TikTok Pixel can be configured by website owners or operators to specify the information they want to collect and share with TikTok through the TikTok Events Manager, including timestamp, IP address, unique identifiers, device details, and browser information. Except as otherwise admitted, adidas denies the remaining allegations in Paragraph 30.

31. Responding to Paragraph 31 of the Complaint, adidas admits that it is aware that the TikTok Pixel is capable of matching certain information it collects across websites that use the TikTok Pixel. To the extent that Plaintiffs purport to summarize, interpret, or quote from a judicial decision or website, the judicial decision and website speak for themselves and adidas denies any characterization of the judicial decision and website that is inconsistent with their content. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and on that basis, denies those allegations.

32. Responding to Paragraph 32 of the Complaint, adidas admits that the TikTok Pixel creates cookies on adidas website visitors' web browsers when visiting the site. adidas admits that the TikTok Pixel cookies can be used to link data collected from the adidas website to a website visitors' TikTok profile if they

are logged into their TikTok account. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and on that basis, denies those allegations.

33. Responding to Paragraph 33 of the Complaint, adidas states that to the extent that Plaintiffs purport to summarize or depict a screen or page related to the TikTok Pixel, the screen or page speaks for itself and adidas denies any characterization of the screen or page that is inconsistent with its content.

34. Responding to Paragraph 34 of the Complaint, adidas denies that it uses TikTok's "AutoAdvanced Matching" technology to collect name, date of birth, and address and therefore denies that it sends that information simultaneously to TikTok. To the extent that Plaintiffs purport to summarize or depict a screen or page related to the TikTok Pixel, the screen or page speaks for itself and adidas denies any characterization of the screen or page that is inconsistent with its content. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and on that basis, denies those allegations.

35. Responding to Paragraph 35 of the Complaint, adidas admits that it can use information from the Tik Tok Pixel for analytics and advertising purposes. To the extent that Plaintiffs purport to summarize, interpret, or quote from a website, the website speaks for itself and adidas denies any characterization of the website that is inconsistent with its content. Except as otherwise stated or admitted, adidas denies the remaining allegations in Paragraph 35.

36. Responding to Paragraph 36 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from a website, the website speaks for itself and adidas denies any characterization of the website that is inconsistent with its content. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, and on that basis, denies those allegations.

37. Responding to Paragraph 37 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from the contents of a statute, the statute speaks for itself and adidas denies any characterization that is inconsistent with its contents. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37, and on that basis, denies those allegations.

38. Responding to Paragraph 38 of the Complaint, adidas admits on information and belief that TikTok's parent company is a Chinese company. To the extent that Plaintiffs purport to summarize, interpret, or quote from members of Congress, independent tech watchdogs, and human rights groups, those individuals' and entities' statements speak for themselves and adidas denies any characterization of them that is inconsistent with their statements' contents. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, and on that basis, denies those allegations.

39. Responding to Paragraph 39 of the Complaint, adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and on that basis, denies those allegations.

40. Responding to Paragraph 40 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from a public statement, the public statement speaks for itself and adidas denies any characterization of the public statement that is inconsistent with its content.

41. Responding to Paragraph 41 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from an online article, the article speaks for itself and adidas denies any characterization of the article that is inconsistent with its content. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and on that basis, denies those allegations.

42. Responding to Paragraph 42 of the Complaint, to the extent that

Plaintiffs purport to summarize, interpret, or quote from an online article, the article speaks for itself and adidas denies any characterization of the article that is inconsistent with its content. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and on that basis, denies those allegations.

43. Responding to Paragraph 43 of the Complaint, adidas admits that it has implemented Microsoft's Universal Event Tracking (which uses the bat.bing cookie) to collect information used to select which advertisements are most likely to appeal to website visitors. adidas admits that Microsoft's Universal Event Tracking operates on visitors' web browsers. adidas allows individuals to opt out of having their information used for targeted advertising by visiting the "Your Privacy Choices" link, which is hyperlinked at the bottom of the adidas website. adidas admits that, in some cases, it discloses certain information to its advertising partner, Microsoft, who then uses it to show website visitors ads that are more relevant to them. adidas lacks knowledge or information sufficient to form a belief as to the truth of whether Microsoft's Universal Event Tracking is also known as "Microsoft Advertising," and on that basis, denies those allegations.

44. Responding to Paragraph 44 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from an uncited source (such as an article, website, or public statement), the source speaks for itself and adidas denies any characterization of the source that is inconsistent with its content. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and on that basis, denies those allegations.

45. Responding to Paragraph 45 of the Complaint, adidas admits that it uses Microsoft's Universal Event Tracking to collect information on specific events like add-to-cart actions and clicks, information about visitors' devices and browsers to help determine which advertisements are most likely to appeal to website

visitors, and analytics. adidas admits that, in some cases, it discloses certain information to its advertising partner, Microsoft, who then uses it to show website visitors ads that are more relevant to them. Except as otherwise admitted, adidas denies the remaining allegations in Paragraph 45.

46. Responding to Paragraph 46 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from a website, the website speaks for itself and adidas denies any characterization of the website that is inconsistent with its content. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and on that basis, denies those allegations.

47. Responding to Paragraph 47 of the Complaint, to the extent that Plaintiffs purport to summarize or depict a screen or page related to the Microsoft's Universal Event Tracking, the screen or page speaks for itself and adidas denies any characterization of the screen or page that is inconsistent with its content.

48. Responding to Paragraph 48 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from the contents of a statute, the statute speaks for itself and adidas denies any characterization that is inconsistent with its contents. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, and on that basis, denies those allegations.

49. Responding to Paragraph 49 of the Complaint, adidas denies that visitors to adidas's website did not receive notice of the Cookies. adidas allows individuals to opt out of having their information used for targeted advertising by visiting the "Your Privacy Choices" link, which is hyperlinked at the bottom of the adidas website. adidas does not use a pop-up window, but on all webpages of its website, adidas provides a hyperlink to its Privacy Policy, which discloses that adidas, "[l]ike many websites, [] use[s] cookies, tags, pixels, beacons and other tracking technologies" in order to "optimize the shopping experience." adidas's

hyperlink to its Privacy Policy on all webpages of its website complies with the California Online Privacy Protection Act ("CalOPPA"), and no other law mandates the use of a pop-up window. Except as otherwise stated or admitted, adidas denies the remaining allegations in Paragraph 49.

50. Responding to Paragraph 50 of the Complaint, adidas denies that its Terms and Conditions are not readily visible or highlighted. The Terms and Conditions are clearly hyperlinked on all webpages of adidas's website. The Terms and Conditions also incorporate adidas's Privacy Policy, which discloses that adidas, "[l]ike many websites, [] use[s] cookies, tags, pixels, beacons and other tracking technologies" in order to "optimize the shopping experience." Except as otherwise stated or admitted, adidas denies the remaining allegations in Paragraph 50.

51. Responding to Paragraph 51 of the Complaint, adidas admits that it provides a hyperlink to its Terms and Conditions in the footer on each page of its website. To the extent that Plaintiffs purport to summarize or depict a screen or page related to the website, the screen or page speaks for itself and adidas denies any characterization of the screen or page that is inconsistent with its content. adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "for users that scroll that far, the link is very discrete," and on that basis, denies those allegations. Except as otherwise stated or admitted, adidas denies the remaining allegations in Paragraph 51.

52. Responding to Paragraph 52 of the Complaint, adidas states that insofar as the allegations in Paragraph 52 state conclusions of law, no response is required. adidas further states that the Terms and Conditions "govern [visitors'] access to and use of" adidas's website. (https://www.adidas.com/us/help/us-company-information/what-are-the-terms-and-conditions.) adidas denies the remaining allegations of Paragraph 52.

53. Responding to Paragraph 53 of the Complaint, adidas states that

insofar as the allegations in Paragraph 53 state conclusions of law, no response is required. adidas further states that its Terms and Conditions state that minors may "use [the website] only after your parent(s), guardian, or legal representative has consented to these Terms."

54. Responding to Paragraph 54 of the Complaint, adidas states that before making a purchase, website visitors agree to adidas's Terms and Conditions, which "govern [visitors'] access to and use of" the website. (https://www.adidas.com/us/help/us-company-information/what-are-the-terms-and-conditions.) The Terms and Conditions also incorporate adidas's Privacy Policy, which discloses that adidas, "[l]ike many websites, [] use[s] cookies, tags, pixels, beacons and other tracking technologies" in order to "optimize the shopping experience." adidas denies the remaining allegations in Paragraph 54.

55. Responding to Paragraph 55 of the Complaint, adidas denies that the adidas website uses the Cookies "invisibly" or that website visitors have "no way of knowing" about the Cookies. On all webpages of its website, adidas provides a hyperlink to its Privacy Policy, which discloses that adidas, "[l]ike many websites, [] use[s] cookies, tags, pixels, beacons and other tracking technologies" in order to "optimize the shopping experience." Except as otherwise stated or admitted, adidas denies the remaining allegations in Paragraph 55.

56. Responding to Paragraph 56 of the Complaint, adidas admits that it uses the Cookies to collect information used to select which advertisements are most likely to appeal to website visitors. adidas further admits that Plaintiffs seek damages and injunctive relief, but denies that the relief requested is appropriate or warranted. To the extent that Plaintiffs purport to summarize, interpret, or quote from judicial decisions, the judicial decisions speak for themselves and adidas denies any characterization of the judicial decisions that is inconsistent with their content. adidas states that insofar as the allegations in Paragraph 56 state conclusions of law, no response is required. adidas otherwise denies the allegations

in Paragraph 56.

57. Responding to Paragraph 57 of the Complaint, adidas states that insofar as the allegations in Paragraph 57 state conclusions of law, no response is required. To the extent that Plaintiffs purport to summarize, interpret, or quote from judicial decisions, the judicial decisions speak for themselves and adidas denies any characterization of the judicial decisions that is inconsistent with their content. adidas otherwise denies the allegations in Paragraph 57.

## V. <u>CLASS ACTION ALLEGATIONS</u>

58. Responding to Paragraph 58 of the Complaint, adidas admits that Plaintiffs purport to bring a class action lawsuit and seek certification of the proposed class. adidas denies that class treatment is appropriate or warranted in this case.

59. Responding to Paragraph 59 of the Complaint, adidas admits that Plaintiffs purport to represent a class that excludes the parties identified in Paragraph 59. adidas denies that class treatment is appropriate or warranted in this case.

60. Responding to Paragraph 60 of the Complaint, adidas admits that Plaintiffs purport to bring a class action against adidas. adidas denies that class treatment is appropriate or warranted in this case. adidas states that to the extent the allegations in Paragraph 60 state conclusions of law, no response is required. adidas lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, and on that basis, denies those allegations.

61. Responding to Paragraph 61 of the Complaint, adidas admits that Plaintiffs purport to bring a class action against adidas. adidas denies that class treatment is appropriate or warranted in this case. adidas states that to the extent the allegations in Paragraph 61 state conclusions of law, no response is required. Except as otherwise stated or admitted, adidas denies the remaining allegations in

Paragraph 61.

62. Responding to Paragraph 62 of the Complaint, adidas admits that Plaintiffs purport to bring a class action against adidas. adidas denies that class treatment is appropriate or warranted in this case. adidas states that to the extent the allegations in Paragraph 62 state conclusions of law, no response is required. adidas lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62, and on that basis, denies those allegations.

63. Responding to Paragraph 63 of the Complaint, adidas admits that Plaintiffs purport to bring a class action against adidas. adidas denies that class treatment is appropriate or warranted in this case. adidas states that to the extent the allegations in Paragraph 63 state conclusions of law, no response is required. adidas lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63, and on that basis, denies those allegations.

64. Responding to Paragraph 64 of the Complaint, adidas admits that Plaintiffs purport to bring a class action against adidas. adidas denies that class treatment is appropriate or warranted in this case. adidas states that to the extent the allegations in Paragraph 64 state conclusions of law, no response is required. Except as otherwise stated or admitted, adidas denies the remaining allegations in Paragraph 64.

## VI. CAUSES OF ACTION

### COUNT 1

### California Invasion of Privacy Act

65. Responding to Paragraph 65 of the Complaint, adidas hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

66. Responding to Paragraph 66 of the Complaint, adidas admits that

Plaintiffs purport to bring this claim individually and on behalf of a class against adidas. adidas denies that class treatment is appropriate or warranted in this case.

67. Responding to Paragraph 67 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from a statute, the statute speaks for itself and adidas denies any characterization of the statute that is inconsistent with its content.

68. Responding to Paragraph 68 of the Complaint, to the extent that Plaintiffs purport to summarize, interpret, or quote from a statute, the statute speaks for itself and adidas denies any characterization of the statute that is inconsistent with its content.

69. adidas denies the allegations in Paragraph 69 of the Complaint.

70. Responding to Paragraph 70 of the Complaint, adidas denies that the Cookies are pen registers. adidas admits that the Cookies operate on visitors' web browsers. adidas admits that the Cookies collect IP addresses from a device used to visit the website. Except as otherwise stated or admitted, adidas denies the remaining allegations in Paragraph 70.

71. Responding to Paragraph 71 of the Complaint, adidas denies that visitors to its website did not have notice of and consent to adidas's use of the Cookies. On all webpages of its website, adidas provides a hyperlink to its Privacy Policy, which discloses that adidas, "[l]ike many websites, [] use[s] cookies, tags, pixels, beacons and other tracking technologies" in order to "optimize the shopping experience." The Privacy Policy is incorporated into the Terms and Conditions, which "govern [visitors'] access to and use of" the adidas website. (https://www.adidas.com/us/help/us-company-information/what-are-the-terms-and-conditions.)

72. Responding to Paragraph 72 of the Complaint, adidas admits that it did not obtain a court order for the Cookies on its website, which adidas uses in a manner consistent with a commercial business purpose. Except as otherwise stated

or admitted, adidas denies the remaining allegations in Paragraph 72.

73. Responding to Paragraph 73 of the Complaint, adidas admits that Plaintiffs purport to seek statutory damages, but denies that the relief requested is appropriate or warranted. adidas states that insofar as the allegations in Paragraph 73 state conclusions of law, no response is required. Except as otherwise stated or admitted, adidas denies the remaining allegations in Paragraph 73.

## VII. PRAYER FOR RELIEF

adidas denies that Plaintiffs are entitled to any of the requested relief, including the relief requested in paragraphs (a) through (g) under the section entitled "Prayer for Relief."

## VIII. AFFIRMATIVE DEFENSES

As to affirmative defenses to the Complaint, adidas does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion on any matters as to which Plaintiffs have the burden of proof or persuasion. The following affirmative defenses are based on adidas's knowledge, information, and belief at this time, and adidas specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer. adidas reserves the right to assert other defenses as information is gathered through discovery and investigation.

### FIRST AFFIRMATIVE DEFENSE

### (Lack of Article III Standing)

Plaintiffs and putative class members lack Article III standing because they have not suffered any injury-in-fact that can be fairly traced to adidas's alleged conduct.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Statutory Standing)

Plaintiffs and putative class members lack statutory standing under the

California Invasion of Privacy Act because they have not been "injured by a violation" as required by Cal. Pen. Code § 637.2(a).

**THIRD AFFIRMATIVE DEFENSE**

**(No injury, Harm, or Damage)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because they have not sustained any injury, harm, or damage.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiffs and the putative class have failed to mitigate their alleged injuries.

**FIFTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because at all times adidas acted in good faith and in compliance with any applicable statutes and/or regulations.

**SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Legal Remedy)**

Plaintiffs and the putative class cannot recover equitable relief because they do not lack an adequate legal remedy. *Sonner v. Premier Nutrition*, 971 F.3d 834 (9th Cir. 2020).

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Plaintiffs and the putative class are barred from recovery to the extent they would be unjustly enriched by any recovery. They would be unjustly enriched because they received the benefit of the bargain through free use and access to adidas's website in exchange for the purported collection and sharing of their personal information.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Conduct Reasonable, Justified)**

At all times, adidas has acted reasonably and in good faith. Its business conduct is justified, and its business practices do not offend public policy, are not unethical, and do not cause injury to consumers. adidas's use of the Cookies was justified because it was undertaken pursuant to and in compliance with applicable laws and regulations and the conduct alleged in the Complaint constitutes conduct otherwise permitted by law.

**NINTH AFFIRMATIVE DEFENSE**

**(Consent)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they provided adidas with their consent for the at-issue practices.

**TENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations.

## IX. DEMAND FOR JURY TRIAL

adidas hereby demands a trial by jury on all issues upon which trial by jury may be had.

## X. PRAYER FOR RELIEF

WHEREFORE, adidas prays for the following relief:

1. That judgment on the Complaint, and on each cause of action alleged in the Complaint, be entered in favor of adidas;

2. That this Court finds that this suit cannot be maintained as a class action;

3. That this Court denies Plaintiffs or the members of the purported class relief of any kind;

4. That adidas be awarded its costs incurred, including reasonable

attorneys' fees; and

5. For such other or further relief as this Court may deem just and proper.

Dated: December 17, 2025

MORRISON & FOERSTER LLP

By: */s/ Purvi G. Patel*
Purvi G. Patel

***Attorneys for Defendant adidas America, Inc.***