PURVI G. PATEL (CA SBN 270702)
PPatel@mofo.com
EMMA Z. BURGOON (CA SBN 348097)
EBurgoon@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Defendant
ADIDAS AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MAEVE CAMPLISSON, DAVID SANCHEZ, and S.D., A MINOR, BY AND THROUGH THEIR LEGAL GUARDIAN ELVIS DICIERO, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ADIDAS AMERICA, INC.,

Defendant.

Case No. 25-cv-00603-GPC-GC

**DEFENDANT ADIDAS AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO STAY**

Judge: Hon. Gonzalo P. Curiel

Magistrate Judge: Hon. Guillermo Cabrera

Date: August 28, 2026
Time: 1:30 PM
Ctrm: 12A

Complaint Filed: March 19, 2025

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1
II. ARGUMENT .......... 1
A. A Reasonable Stay Cannot Prejudice or Harm Plaintiffs .......... 1
1. adidas does not need to provide an exact date for the *Variety Media* decision for the Court to grant a stay .......... 2
2. Plaintiffs will not suffer any prejudice as a result of a modest stay .......... 5
B. Plaintiffs' Discovery Positions Demonstrate Significant Potential Harm to adidas Absent a Stay .......... 7
C. A Stay Will Promote the Orderly Course of Justice .......... 9
III. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACA International, et al. v. Fed. Commc'ns Comm'n*,
885 F.3d 687 (D.C. Cir. 2018) .......... 4

*Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*,
No. EDCV 13-883 JGB (SPx),
2015 WL 13764632 (C.D. Cal. Sept. 8, 2015) .......... 3

*In re BetterHelp, Inc. Data Disclosure Cases*,
No. 23-ccv-01033
(N.D. Cal. Aug. 4, 2026) ECF No. 296 .......... 9

*Cabiness v. Educ. Fin. Sols., LLC*,
No.16-cv-01109-JST,
2017 WL 167678 (N.D. Cal. Jan. 17, 2017) .......... 7

*Casillas v. Anytime Fitness Franchisor LLC*,
No. 24STCV28431,
2026 WL 1365282 (Cal. Super. May 12, 2026) .......... 10

*Chaker v. Adams*,
No. 10cv2599-GPC(BGS),
2015 WL 410552 (S.D. Cal. Jan. 29, 2015) .......... 7

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) .......... 9

*Cook v. Rent-A-Ctr., Inc.*,
No. 2:17-cv-00048-MCE-EFB,
2017 WL 4270203 (E.D. Cal. Sept. 26, 2017) .......... 7

*Delisle v. Speedy Cash*,
No. 3:18-cv-2042-GPC-RBB
(S.D. Cal. Oct. 3, 2019) (Curiel, J.), ECF No. 46 .......... 5

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
498 F.3d 1059 (9th Cir. 2007) .......... 2, 3

*Dominguez v. Sonesta Int'l Hotels Corp.*,
648 F. Supp. 3d 1162 (N.D. Cal. 2023)........................................................ 2

*Errington v. Time Warner Cable Inc.*,
No. 2:15-CV-02196........................................................................................ 8

*Fregosa v. Mashable, Inc.*,
No. 3:25-cv-01094-CRB
(N.D. Cal. Feb. 19, 2026), ECF No. 82....................................................... 10

*Gabriella v. Wells Fargo Fin., Inc.*,
No. C 06-4347 SI,
2009 WL 188856 (N.D. Cal. Jan. 26, 2009) ................................................. 5

*In re Google Location History Litig.*,
No. 5:18-cv-05062-EJD,
2024 WL 1975462 (N.D. Cal. May 3, 2024) ................................................. 7

*Gustavson v. Mars, Inc.*,
No. 13-CV-04537-LHK,
2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) ............................................... 3

*Johnson v. Starbucks Corp.*,
No. 18-cv-06842-KAW,
2019 WL 3220273 (N.D. Cal. July 17, 2019)................................................ 6

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ........................................................................................ 2

*Longitude Licensing Ltd. v. Apple Inc.*,
No. 14-CV-04275-EDL,
2015 WL 12778777 (N.D. Cal. Oct. 29, 2015).............................................. 6

*Ludlow v. Flowers Foods, Inc.*,
No. 18-CV-1190 JLS (JLB),
2020 WL 773253 (S.D. Cal. Feb. 18, 2020) ................................................. 5

*Maketa v. Valnet Inc.*,
No. 3:25-cv-05517-RS
(N.D. Cal. Mar. 4, 2026), ECF No. 51 ......................................................... 10

*Nguyen v. Marketsource, Inc.*,
No. 17-CV-02063-AJB-JLB,
2018 WL 2182633 (S.D. Cal. May 11, 2018) .......... 7

*Phan v. Transamerica Premier Life Ins. Co.*,
No. 20-cv-03665-BLF,
2020 WL 5576358 (N.D. Cal. Sept. 17, 2020) .......... 9

*In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*,
No. 11MD02295 JAH-BGS,
2022 WL 3153574 (S.D. Cal. Aug. 8, 2022) .......... 3

*Prescott v. Nestle USA, Inc.*,
No. 19-cv-07471-BLF,
2020 WL 7053317 (N.D. Cal. Nov. 25, 2020) .......... 8

*Ramirez v. Trans Union, LLC*,
No. 12-CV-00632-JSC,
2015 WL 6159942 (N.D. Cal. June 22, 2015) .......... 2

*Roche Molecular Sys., Inc. v. Cepheid*,
No. C-14-3228-EDL,
2015 WL 124523 (N.D. Cal. Jan. 7, 2015) .......... 3

*Rodriguez v. Dish Network L.L.C.*,
No. 25STCV06310,
2026 WL 1468210 (Cal. Super. Apr. 28, 2026) .......... 10

*San Luis Obispo Coastkeeper v. Cnty. of San Luis Obispo*,
No. 2:24-cv-06854-SPG-AS,
2025 WL 2092809 (C.D. Cal. June 18, 2025) .......... 9

*Skulevold v. SD&A Teleservices, Inc.*,
No. 2:20-CV-2771-AB,
2020 WL 7711834 (C.D. Cal. Nov. 18, 2020) .......... 8

*In re Taco Bell Wage & Hour Actions*,
No. 1:07-CV-01314-OWW-DLB,
2011 WL 3846727 (E.D. Cal. Aug. 30, 2011) .......... 8

*Trusted Knight Corp. v. Int'l Bus. Machs. Corp.*,
No. 19-CV-01206-EMC,
2020 WL 5107611 (N.D. Cal. Aug. 31, 2020) .......... 9

*In re USA Today Co., Inc. Internet Tracking Litig.*, No. 3:24-CV-05150-MMC (N.D. Cal. Apr. 27, 2026), ECF No. 79 .......... 10

*Variety Media, LLC v. Super. Ct. of the State of Cal.*, No. B350578 (Cal. Ct. App. Nov. 21, 2025), Dkt. BL-1 .......... *passim*

*In re Watts*, 298 F.3d 1077 (9th Cir. 2002) .......... 10

**Statutes**

42 U.S.C. § 1983 .......... 7

Cal. Penal Code § 638.51 .......... *passim*

**Other Authorities**

S.B. 690, 2025-2026 Leg., Reg. Sess. (Cal. 2025) .......... 8

Adam Feldman & Alexander Kappner, *Finding Certainty in Cert: An Empirical Analysis of the Factors Involved in Supreme Court Certiorari Decisions from 2001-2015*, 61 Vill. L. Rev. 795 (2017) .......... 4

## I. INTRODUCTION

Continuing to litigate this case when the California Court of Appeal is on the cusp of resolving its central question of law is textbook inefficiency. In *Variety Media, LLC v. Super. Ct.*, the appellate court will decide whether California Invasion of Privacy Act (CIPA) § 638.51 reaches ubiquitous website technologies like the TikTok Pixel and Microsoft Bat Bing Tracker (together, the "Cookies") at issue here.[1] Spending party and judicial resources to litigate that identical question now, before a California appellate court weighs in, would be wasteful in exactly the way stays exist to prevent.

Rather than confront that fact head-on, Plaintiffs retreat to speculation: that a stay *might* lengthen if there is further (discretionary) review of *Variety Media*, that unspecified prejudice *might* materialize, and that the decision *might* not resolve the issue here. None of these arguments withstand scrutiny. Contrary to Plaintiffs' characterizations, adidas is not asking for an indefinite stay; as plainly requested, adidas seeks a stay until the Court of Appeal's decision, which is expected within six to eight months. Nor can Plaintiffs show that a pause of that length, at this early stage of the case, would prejudice them. Most importantly, there is no basis to argue that *Variety Media*'s resolution of whether cookies qualify as pen registers would be irrelevant to Plaintiffs' single claim under § 638.51, which turns on that exact question. The Court should therefore grant adidas's motion to stay.

## II. ARGUMENT

### A. A Reasonable Stay Cannot Prejudice or Harm Plaintiffs

Plaintiffs claim that they will be prejudiced if "the proposed stay is of an indefinite period, risks the degradation of evidence, or where it increases the difficulty of obtaining testimony or reaching potential class members." (ECF No.

---

[1] *Variety Media, LLC v. Super. Ct. of the State of Cal.*, No. B350578 (Cal. Ct. App. Nov. 21, 2025), Dkt. BL-1, Pet. For Writ of Mandate and/or Prohibition (the "*Variety Media* Appeal").

58, Plaintiffs' Opposition to Defendant's Motion to Stay ("Opp.") at 4.) None of those circumstances are present here. ***First***, adidas has proposed a defined endpoint for the stay: the *Variety Media* court's decision. ***Second***, Plaintiffs identify no legitimate prejudice flowing from either the nature of this case or the modest length of the stay requested. Relevant evidence will continue to be preserved. Key witnesses will not disappear. Any putative class member contact information in adidas's possession will remain undisturbed. The first *Landis* factor weighs in adidas's favor. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

### 1. adidas does not need to provide an exact date for the *Variety Media* decision for the Court to grant a stay

Plaintiffs contend that the proposed stay is "of indefinite duration" because "[n]o decision deadline exists" for the *Variety Media* appeal. (Opp. at 5.) But the general policy favoring stays of reasonable duration "does not preclude a stay simply because the exact timing of the event upon which a stay is conditioned is unknown." *Dominguez v. Sonesta Int'l Hotels Corp.*, 648 F. Supp. 3d 1162, 1173 n.2 (N.D. Cal. 2023) (qualifying *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)). The stay adidas proposes is not "open-ended" (Opp. at 6)—it will expire when the Court of Appeal issues a decision. adidas need only show that the decision will issue within a reasonable time. *See Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2015 WL 6159942, at *2 (N.D. Cal. June 22, 2015) (finding minimal prejudice where a decision "will likely be issued within a year per the Supreme Court's customary practice"). adidas has satisfied that standard: briefing in *Variety Media* is complete as of July 24, and the California Constitution and the relevant appellate practices and procedures indicate that the Court of Appeal will issue its decision within six to eight months from submission.[2] (ECF No. 55, Defendant adidas America, Inc.'s Notice of Motion and

[2] The 90-day rule is not a mere "incentive" as Plaintiffs claim (Opp. at 5 n.2); it is a constitutional deadline that California's appellate courts treat as operative and

Motion to Stay; Memorandum of Points and Authorities ("Mot.") at 5-6.)

Plaintiffs' primary case does not support a different result. In *Dependable Highway,* the Ninth Circuit found that the district court erred in granting a stay where its order "provide[d] no specific deadline for when the stay will terminate," and the stay was premised on the conclusion of arbitration proceedings that had ***no*** associated deadlines and had not even commenced in the two years since the district court granted the stay. 498 F.3d at 1066-67. That is not this case. The relevant guidance confirms that it is reasonable to expect a decision in *Variety Media* within six to eight months. (Mot. at 6.)

Nor can Plaintiffs rely on speculation about a future attempt to appeal the forthcoming *Variety Media* decision to render the stay "indefinite." (*See* Opp. at 5-6.) The issue before this Court is whether to grant a stay pending a decision from the Court of Appeal, not pending a hypothetical future discretionary review by the California Supreme Court. "[S]peculation is not a basis for denying a stay." *Roche Molecular Sys., Inc. v. Cepheid*, No. C-14-3228-EDL, 2015 WL 124523, at *6 (N.D. Cal. Jan. 7, 2015). Courts routinely find it efficient to grant stays pending appellate decisions, notwithstanding the theoretical possibility of further appellate review. *See, e.g., Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (granting stay where "the Ninth Circuit's decision is likely to provide substantial guidance, if not new law, that will materially impact the Court's decisions in the instant case"); *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, No. EDCV 13-883 JGB (SPx), 2015 WL 13764632, at *3 (C.D. Cal. Sept. 8, 2015) (granting stay where "[t]he Ninth Circuit's ruling on the interlocutory appeal could clarify the issues in this case, in effect saving time and resources"); *In re Portfolio Recovery Assocs., LLC,*

---

routinely meet. The Second Appellate District itself specifically characterizes the submission date as triggering a "deadline" for decision. Dist. Ct. App., Practices & Procedures, https://appellate.courts.ca.gov/district-courts/2dca/rules-forms-filing/practices-procedures (last accessed August 7, 2026).

*Tel. Consumer Prot. Act Litig.*, No. 11MD02295 JAH-BGS, 2022 WL 3153574, at *2 (S.D. Cal. Aug. 8, 2022) (granting stay pending Ninth Circuit decision).

Though neither party can predict whether further appellate review of *Variety Media* is "certain," the Court Statistics Report shows that in the 2024-2025 fiscal year, the California Supreme Court issued decisions on 3,312 petitions for review—less than 15% of the 22,540 Court of Appeal dispositions occurring within that period.[3] And of those petitions where the California Supreme Court chooses to issue a decision, it "chooses to hear only about 3% of cases that petition for review."[4] Thus, even if Plaintiffs are correct that "the losing party will undoubtedly seek further appellate review" (Opp. at 5), the likelihood that the California Supreme Court will grant review is far lower.

Plaintiffs' reliance on *Mendez v. Optio Sols., LLC* and *Edwards v. Oportun, Inc.* fails to overcome these plain facts. (Opp. at 5-6 (citing 239 F. Supp. 3d 1229, 1233 (S.D. Cal. 2017); 193 F. Supp. 3d 1096, 1102 (N.D. Cal. 2016).) Both cases involved stays pending *ACA International, et al. v. Fed. Commc'ns Comm'n*, 885 F.3d 687 (D.C. Cir. 2018), then before the D.C. Circuit. Given the issues, parties, and trial court involved, appeal to the United States Supreme Court was particularly likely. *See* Adam Feldman & Alexander Kappner, *Finding Certainty in Cert: An Empirical Analysis of the Factors Involved in Supreme Court Certiorari Decisions from 2001-2015*, 61 Vill. L. Rev. 795 (2017) (noting "the high rate of cert grants to cases from the D.C. Circuit," given that "the D.C. Circuit deals with highly politicized issues more geared to Supreme Court adjudication than those from other circuit courts"). Plaintiffs have made no showing that the same likelihood of

---

[3] Judicial Council of Cal., 2026 Court Statistics Report: Statewide Caseload Trends, 2015-16 Through 2024-25, at 5, 17 (2026), https://courts.ca.gov/system/files/file/csr_2026.pdf (last visited August 7, 2026).

[4] *Petition for Review*, Cal. Cts. Self-Help Guide, https://selfhelp.courts.ca.gov/appeals/step-7-petition-review (last visited August 7, 2026); *see also* 2026 Court Statistics Report at 17, tbl.1 (showing that of the petitions for review acted on in 2024-2025, only 38 were full grants, yielding a grant rate of approximately 1%).

review by the California Supreme Court is present here.

**2. Plaintiffs will not suffer any prejudice as a result of a modest stay**

Plaintiffs emphasize that this case has been pending since March 2025, but omit the fact that discovery did not begin in earnest until after the pleading stage and the parties' ENE-related settlement discussions concluded in early July 2026. (Opp. at 6; *see* ECF No. 55-1, Patel Decl. ISO Mot. ¶ 3; Exs. A, B (attesting that adidas's responses to Plaintiffs' first set of discovery was due on July 3, 2026).) A stay is particularly appropriate at this nascent stage, before the parties and the Court have expended substantial resources. *See Delisle v. Speedy Cash,* No. 3:18-cv-2042-GPC-RBB (S.D. Cal. Oct. 3, 2019) (Curiel, J.), ECF No. 46 (finding minimal risk of prejudice to plaintiffs "as the litigation is still in a nascent phase"). Moreover, depending on *Variety Media*'s outcome, the discovery that Plaintiffs now seek may prove unnecessary or its scope may change materially. Proceeding with discovery that may later prove irrelevant or need to be redone, wastes rather than conserves the Court's and the parties' resources. *See Gabriella v. Wells Fargo Fin., Inc.*, No. C 06-4347 SI, 2009 WL 188856, at *1 (N.D. Cal. Jan. 26, 2009) (resolution of separate proceedings would "affect the scope of discovery" and granting a stay allows the parties "to engage in focused, efficient discovery").

The early stage of litigation, the nature of the claim, and the modest length of the requested stay together defeat any claim of substantial prejudice. Plaintiffs assert—with scant support—that the risk of prejudice is especially pronounced here given the risk of "the departure of key witnesses, the degradation of memories, and the loss of evidence in the possession of Defendant[] and third parties." (Opp. at 7.) Those speculative "risks" do not establish prejudice. *See Ludlow v. Flowers Foods, Inc.*, No. 18-CV-1190 JLS (JLB), 2020 WL 773253, at *2 (S.D. Cal. Feb. 18, 2020) (argument that stay "severely prejudiced" plaintiffs because of a "deterioration of evidence," fading memories, and potential unavailability of witnesses "does not

amount to prejudice sufficient to deny the stay"). They are especially irrelevant given the nature of the sole claim here. The relevant evidence—configuration data, source code, privacy policies, and data-transmission records—does not depend on any witness's memory of a fleeting event. And even *if* an employee with relevant knowledge were to leave adidas at any point in the litigation (not just during the course of a stay), other employees would likely retain similar knowledge of the relevant technical facts. Moreover, nothing would preclude Plaintiffs from subpoenaing any such former employees. Nor do Plaintiffs identify any specific piece of evidence at risk of deteriorating during a brief stay of six to eight months—a duration which courts routinely find reasonable even where preservation concerns are raised. *See, e.g., Johnson v. Starbucks Corp.*, No. 18-cv-06842-KAW, 2019 WL 3220273, at *2 (N.D. Cal. July 17, 2019) ("Delay alone" does not constitute undue prejudice absent "irreparable damage or injury, such as problems with preserving evidence"); *Longitude Licensing Ltd. v. Apple Inc.*, No. 14-CV-04275-EDL, 2015 WL 12778777, at *6 (N.D. Cal. Oct. 29, 2015) (same). Any residual risk is further minimized by the litigation hold adidas has implemented consistent with its obligations under Federal Rule of Civil Procedure 37(e).

Plaintiffs' argument that stays pose "particular harm in class actions" does not compel a denial of a stay here. (Opp. at 7.) The putative class consists of all visitors to the adidas website during the relevant period. adidas does not even have contact information for the entire proposed class as defined. Therefore, there is no issue here of "the passage of time" making it "more difficult to reach class members," as Plaintiffs surmise. (*See* Opp. at 7 (quoting *Cabiness v. Educ. Fin. Sols., LLC*, No.16-cv-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017)).) And, in the event a class can even be certified, there are other means to contact class members. *See In re Google Location History Litig.*, No. 5:18-cv-05062-EJD, 2024 WL 1975462, at *5 (N.D. Cal. May 3, 2024) (approving a notice plan employing "social media, ... sponsored search listings, ... a settlement website,

... a toll-free telephone number, and ... a postal mailing address" for large class of mobile device users). That distinguishes this case from *Cabiness*, where the class was small, readily ascertainable, and could be reached individually. *See* 2017 WL 167678, at *1 (N.D. Cal. Jan. 17, 2017) (putative class was individuals who received spam phone calls).[5]

Courts also regularly grant stays in class actions because efficiencies are especially pronounced in complex litigation. *See, e.g., Cook v. Rent-A-Ctr., Inc.*, No. 2:17-cv-00048-MCE-EFB, 2017 WL 4270203, at *4 (E.D. Cal. Sept. 26, 2017) (granting stay where "[e]ngaging in collective and class action discovery… will require substantial effort on the part of all concerned, efforts that may well be unnecessary depending on the Supreme Court's ultimate decision"); *Nguyen v. Marketsource, Inc.*, No. 17-CV-02063-AJB-JLB, 2018 WL 2182633, at *6 (S.D. Cal. May 11, 2018) (finding concrete harm to defendant absent a stay where "if this case were to move forward, [defendant] would have to engage in collective and class action discovery, which would be a waste of time and resources").

### B. Plaintiffs' Discovery Positions Demonstrate Significant Potential Harm to adidas Absent a Stay

Plaintiffs mischaracterize adidas's prejudice as nothing more than "the general hardships associated with defending an action." (Opp. at 8.) adidas faces significantly more. Since adidas filed its motion, Plaintiffs have insisted on an incredibly expansive view of discoverable material. For example, Plaintiffs are taking the position that this case involves "all technologies that collected, analyzed, or transmitted [a]didas [w]ebsite visitors' data." (Declaration of Emma Z. Burgoon ("Burgoon Decl.") ¶ 3, Ex. A.) Plaintiffs are also seeking immediate, unnecessary

---

[5] Plaintiffs also cite to *Chaker v. Adams*, No. 10cv2599-GPC(BGS), 2015 WL 410552, at *3 (S.D. Cal. Jan. 29, 2015) in support of this proposition. *Chaker* was an individual action and is irrelevant. Moreover, *Chaker* involved a civil rights claim brought pursuant to 42 U.S.C. § 1983, which heavily depended on testimony regarding the plaintiff's medical condition. There is no parallel or similar need for witness testimony here.

custodial collection and review in response to several requests for production. (*Id.*) These positions substantially expand the anticipated scope of discovery and have required adidas to revisit its earlier conclusion that this case would not be "document-intensive." (*See* Mot. at 6.) The resulting discovery burden mirrors the "extensive discovery obligations" that supported a stay in *Skulevold v. SD&A Teleservices, Inc.*, No. 2:20-CV-2771-AB (JCx), 2020 WL 7711834 (C.D. Cal. Nov. 18, 2020) and *In re Taco Bell Wage & Hour Actions*, No. 1:07-CV-01314-OWW-DLB, 2011 WL 3846727 (E.D. Cal. Aug. 30, 2011). (Mot. at 8.)

adidas's hardship is heightened further by the broader uncertainty surrounding § 638.51 claims. In addition to the *Variety Media* appeal, the California Legislature has set an August 14 suspense hearing on SB 690, signaling imminent legislative action to clarify whether CIPA applies to cases like this. S.B. 690, 2025-2026 Leg., Reg. Sess. (Cal. 2025). In its current form, SB 690 would specifically bar private plaintiffs from bringing § 638.51 claims arising "from conduct occurring on an internet website, online application, or mobile application." Cal. Penal Code § 637.2(d)(1) (as proposed by S.B. 690, 2025-2026 Leg., Reg. Sess. (Cal. 2025) (amended in Assembly, July 2, 2026)). Courts recognize that litigating amid this kind of unsettled legal landscape itself constitutes a cognizable hardship to the moving party. *See Errington v. Time Warner Cable Inc.*, No. 2:15-CV-02196 RSWL (DTB), 2016 WL 2930696, at *3 (C.D. Cal. May 18, 2016) (finding hardship where defendant would be required to conduct discovery and trial preparation while the underlying law remained unsettled); *Prescott v. Nestle USA, Inc.*, No. 19-cv-07471-BLF, 2020 WL 7053317, at *4 (N.D. Cal. Nov. 25, 2020) (finding hardship sufficient to grant 1-year stay where "proceeding with the present litigation would require Plaintiffs to expend needless resources when a stay would allow them to wait for definitive guidance").

///

///

**C. A Stay Will Promote the Orderly Course of Justice**

As Plaintiffs concede, *Variety Media* need not be "controlling" of the claim here for a stay to be warranted. (Opp. at 8.) A stay need only be likely to "simplif[y]… issues, proof, and questions of law." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The anticipated *Variety Media* decision plainly meets this standard as Plaintiffs themselves acknowledge the "importance of th[e] issue" of law that will be decided by the Court of Appeal. (Opp. at 5.) Federal courts have also recognized the propriety of granting stays in § 638.51 cases pending a decision in *Variety Media.* The Northern District of California recently granted a stay over plaintiffs' objection, recognizing that though "a decision in *Variety Media* may not answer all of the outstanding legal questions, it likely will provide some guidance," and is particularly appropriate given "the uncertain and evolving state of the law." *See In re BetterHelp, Inc. Data Disclosure Cases,* No. 23-ccv-01033 (N.D. Cal. Aug. 4, 2026) ECF No. 296 at 2.

The Court of Appeal's decision will be the first published appellate-level analysis of whether § 638.51 extends to internet tracking technology. That is the dispositive statutory question underlying Plaintiffs' sole claim against adidas. As Plaintiffs acknowledge, *Variety Media* will provide persuasive guidance on the contested issues here. (Opp. at 2, 8); *see Phan v. Transamerica Premier Life Ins. Co.*, No. 20-cv-03665-BLF, 2020 WL 5576358, at *3 (N.D. Cal. Sept. 17, 2020) (a stay is proper even where appellate decision "won't *completely* dispose" of every issue, because "major issues…will be clarified by a ruling"); *San Luis Obispo Coastkeeper v. Cnty. of San Luis Obispo*, No. 2:24-cv-06854-SPG-AS, 2025 WL 2092809, at *4 (C.D. Cal. June 18, 2025) ("the Ninth Circuit's decision need not settle all of Plaintiffs' claims to warrant a stay"); *Trusted Knight Corp. v. Int'l Bus. Machs. Corp.*, No. 19-CV-01206-EMC, 2020 WL 5107611, at *3 (N.D. Cal. Aug. 31, 2020) (granting stay where, "even if the IPR proceedings do 'not result in any cancelled or modified claims, this [C]ourt will receive the benefit of the PTO's

expertise and guidance on these claims'").

Plaintiffs also understate the weight the *Variety Media* decision will carry. As the Ninth Circuit has repeatedly held, "[i]n the absence of a pronouncement by the highest court of a state, the federal courts *must* follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently." *In re Watts*, 298 F.3d 1077, 1083 (9th Cir. 2002) (citing *Owen ex. rel. Owen v. United States*, 713 F.2d 1461, 1464-65 (9th Cir. 1983)) (emphasis added). Just as California superior courts have granted stays pending *Variety Media* in recognition of its binding effect on them, a stay is warranted here where a published decision from the Court of Appeal on the scope of § 638.51 will carry presumptive force. *See Casillas v. Anytime Fitness Franchisor LLC*, No. 24STCV28431, 2026 WL 1365282, at *3 (Cal. Super. May 12, 2026); *Rodriguez v. Dish Network L.L.C.*, No. 25STCV06310, 2026 WL 1468210, at *4 (Cal. Super. Apr. 28, 2026). In addition, the stipulated stays in federal court § 638.51 cases further confirm that even parties with competing interests have recognized the persuasive effect of *Variety Media* and reasonably concluded that a stay pending this decision is in the interest of efficiency and court and party resources. *See In re USA Today Co., Inc. Internet Tracking Litig.*, No. 3:24-CV-05150-MMC (N.D. Cal. Apr. 27, 2026), ECF No. 79; *Maketa v. Valnet Inc.*, No. 3:25-cv-05517-RS (N.D. Cal. Mar. 4, 2026), ECF No. 51; *Fregosa v. Mashable, Inc.*, No. 3:25-cv-01094-CRB (N.D. Cal. Feb. 19, 2026), ECF No. 82. Indeed, Plaintiffs themselves acknowledge that this Court "would owe the decision a high level of deference." (Opp. at 2.)

///

///

///

///

///

## III. CONCLUSION

For the foregoing reasons and reasons set forth in its motion, adidas respectfully requests that this Court stay all proceedings in this case pending the outcome of *Variety Media*.

Dated: August 7, 2026

MORRISON & FOERSTER LLP

By: */s/ Purvi G. Patel*
Purvi G. Patel

***Attorneys for Defendant***
***adidas America, Inc.***